## ALEX BLANKS V. THE STATE.

No. 9528.   Delivered January 13, 1926.

Rehearing denied State November 24, 1926.

1.—Manufacture of Intoxicating Liquor—Special Judge—How Selected—
Record on Appeal.

Where a cause is tried below before a special judge, the record on appeal must show that such special judge was selected or appointed, and that he took the proper oath of office. This record being silent in this respect, the cause must be reversed and remanded. See Smith v. State, 24 Tex. Crim. App. 290; Reed v. State, 35 Tex. Crim. Rep. 138; Salazar v. State, 276 S. W. 1105.

ON REHEARING.

2.—Same—Special Judge—Appointment by Governor—Invalid.

On motion for rehearing by the state a supplemental transcript has been filed showing that the special judge who tried the case was appointed by the Governor, on a certificate of the regular judge that he was disqualified in certain cases, including that of appellant. Under the statute, Art. 1885 of 1925, the Governor is without authority to appoint a special judge, except upon certain conditions, none of which are existent in the present case. See Harris v. State, No. 9426, this day decided. The state's motion for rehearing is overruled.

Appeal from the District Court of Fannin County.   Tried below before the Hon. Ben H. Denton, Special Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Cunningham & Lipscomb,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

It appears from the record that the trial was had before a special judge. The record is silent touching the appointment or selection of the special judge, or the reasons therefor, also with reference to the taking of the oath of office. See Smith v. State, 24 Tex. Crim. Rep. 290; Reed v. State, 55 Tex. Crim. Rep. 138; Salazar v. State, 276 S. W. 1105.

For the reason stated, the judgment is reversed and the cause remanded.                                    *Reversed and remanded.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On a former day this case was reversed because there was no record showing the appointment and qualification of the special judge. However, in a supplemental transcript, it is shown that the special judge was appointed by the Governor on a certificate of the regular judge that he was disqualified in certain cases, including that of the appellant. Under the statute, Art. 1885, Revised Civil Statutes, 1925, the Governor is without authority to appoint a special judge because of the disqualification of the regular judge except upon certain conditions, none of which are existent in the present case. The record is identical with that in Kid Harris v. State, No. 9426, this day decided, and the disposition of that case and the reasons therefor stated in the opinion are controlling in the present instance.

For the reasons and upon the authorities there stated, the state's motion for rehearing is overruled.

*Overruled.*