## WILLIE DAVIS V. THE STATE.

No. 10005.    Delivered November 24, 1926.

**1.—Theft—Bill of Exceptions—Qualification by Court.**

The trial court is without authority to qualify a bill of exceptions presented by appellant, over his objections, and when same is done and exceptions reserved, such qualification cannot be considered as a part of such bill, by this court. See Vernon's C. C. P. 1925, Art. 667, Note 37, for collation of authorities. Following Dowd v. State, 284 S. W. 592.

**2.—Same—Grand Jury—Illegally Selected—Indictments Returned Void.**

Where jury commissioners regularly appointed, selected a list of sixteen names to constitute a grand jury, submitted the names selected to the court, who struck from the list four names, and ordered the commissioners to select four others in their stead, which was done, such grand jury was not selected in accordance with our statutes, and indictments returned by them were void. See Arts. 337, 335, 338, to 341, C. C. P., inclusive.

**3.—Same—Grand Jurors—Challenge to Array—When Presented.**

Where a grand jury has been empaneled before the commission of the offense charged against appellant, objections to the validity of the grand jury returning the indictment is properly presented in a motion to quash, before announcement by the appellant. Following Powell v. State, 99 Tex. Crim. Rep. 276, and Gentry v. State, No. 10000, delivered November 10, 1926, and not yet reported.

**4.—Same—Indictment—Insufficient.**

Where an indictment charging the offense of theft alleges that the appellant took the property with the intent to deprive the owner of the "*benefit*" thereof, same is insufficient. The indictment should aver that the taking was with the intent to deprive the owner of the "*value*" thereof. The word "benefit" is not equivalent to the word "value."

Appeal from the District Court of Hopkins County. Tried below before the the Hon. J. M. Melson, Judge.

Appeal from a conviction for theft, penalty three years in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Hopkins County for the offense of theft, and his punishment assessed at three years in the penitentiary.

The record discloses that the term of court at which the instant indictment was returned began on the 24th day of August, 1925, the indictment was filed September 18, 1925, and court adjourned on October 3, 1925. The indictment charges that the offense occurred on the 14th day of September, 1925. The appellant was tried and convicted on the 29th day of September, 1925.

In bill of exception No. 1 it is shown that when this case was called for trial and before the appellant announced ready on the merits, he presented his motion to quash and dismiss the indictment herein because same was returned by an illegal grand jury, averring that at the last preceding term of court the honorable district judge of said court, after he had selected his jury commissioners and duly empaneled them to draw the grand jury for the August term, 1925, of said court, and before the list of said grand jurors had been sealed, conferred with said commissioners and struck four names from the list drawn and selected by the commissioners on the ground that such persons were objectionable to him, and instructed the jury commissioners to draw other names in lieu thereof. Appellant's motion further avers that the persons whose names were stricken from the list were duly qualified to serve as grand jurors. There was also attached to said motion to quash an affidavit by the three jury commissioners relative to the action of the district judge in striking said names from the list and sustaining the allegations in said motion. The appellant offered to introduce other evidence to substantiate the averments in said motion, but the court refused to permit him to do so, and after considering said motion, in connection with the affidavit, overruled same.

The record discloses that there was practically no dispute over

the facts alleged in the motion to quash, but the court attached a statement purporting to be his qualification to said bill showing the reasons for his actions complained of therein, to which qualification the appellant excepted. The trial court is without authority to qualify appellant's bill over his objection, and when same is done, such qualification cannot be considered as a part of said bill by this court. Dowd v. State, 284 S. W. 592. See Vernon's C. C. P., 1925, Art. 667, note 37, for collation of authorities. However, a consideration of said qualification to the bill would not change the conclusion we have reached.

Art. 337 of the C. C. P. states:

"The jury commissioners shall be kept free from the intrusion of any person during their session, and shall not separate without leave of the court until they complete their duties."

Art. 335 of the C. C. P. requires that the jury commissioners take an oath to the effect that they will not make known "to anyone the name of any juryman selected." Arts. 338 and 339 deal with the number of grand jurors to be selected; Art. 340 requires said commissioners to seal the list of grand jurors selected and to write their names across the seal on the envelope, direct same to the district judge and deliver it to him in open court; Art. 341 requires the judge to deliver the envelope containing the list of jurors to the clerk; Art. 342 requires the district judge to administer an oath to the district clerk to the effect that he will not open said list, nor permit same to be opened, until the time prescribed by law; and Art. 344 authorizes the clerk to open said envelope within thirty days of the next term of the district court and certify a list of the names to the sheriff. From the articles, supra, the logical conclusion to be drawn is that the jury commissioners, in selecting grand juriors, are to act in secrecy and that the contemplation of the law is that they shall exercise their own volition in selecting such grand jurors without being influenced or interfered with by any person. We are of the opinion that the honorable district judge was clearly in error in having the jury commissioners present to him the list of grand jurors for his inspection, and in striking from said list the four names referred to, regardless of his good intentions to assist the commissioners in selecting the grand jury.

It is also apparent from the ruling of the learned judge on this motion that he was of the opinion that the appellant should have presented a challenge to the array of grand jurors before they were empaneled, and that in failing to do so he was not authorized under the law to move to quash the indictment there-

after. This position is untenable for the reason that the undis-puted facts show that the appellant was not charged with any offense until this indictment was returned, and that the indict-ment charges an offense subsequent to the organization of said grand jury. It therefore follows, as a matter of course, that the appellant, under these circumstances, was not called upon to challenge the array of grand jurors before they were empan-eled, and that his only remedy was a motion to quash the indict-ment. In Powell v. State, 99 Tex. Crim. Rep. 276, 269 S. W. 443, this court, speaking through Judge Hawkins and in discussing the same proposition, said:

"An exception to the operation of Arts. 409 and 570 will be found where accused has not been arrested or the offense has not been committed at the time of empaneling the grand jury which returns the indictment against him. In such cases it has been held that accused may by motion to quash take advan-tage of the same grounds which would have been available in a challenge to the array,"

citing many authorities in support thereof. In the case of Gentry v. State, No. 10000, delivered by this court on November 10, 1926, yet unreported, opinion by Presiding Judge Morrow, the court, in discussing the same question, stated:

"There are other statutory provisions guarding the rights of one charged with an offense and indicted after a grand jury is empaneled. Such persons, however, are ordinarily relegated to a motion to set aside the indictment,"

Citing the Powell case, supra. Under the authorities cited above, it follows that the only remedy the appellant in this case would have to take advantage of the illegally organized grand jury would be to move to quash the indictment, and we think the court was in error in failing to sustain the appellant's motion.

The appellant, in bill of exception No. 2, assails the validity of the indictment and the refusal of the court to quash same because said indictment alleges that the appellant took the cotton in question with the intent to deprive the owner of the "benefit" thereof, instead of alleging that the cotton was taken with the intent to deprive the owner of the value thereof. In the event of another indictment, we suggest that the word "value" be used in lieu of "benefit."

For the error discussed above, the judgment of the trial court is reversed and the case ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.