### JOHN WESLEY WILKES V. THE STATE.

No. 10008.   Delivered March 16, 1927.

**Receiving Stolen Property—Grand Jury—Illegally Empaneled—Rule Stated.**

Where appellant moved to quash the indictment because the grand jury returning same was not legally drawn and empaneled, and it being further shown that the offense for which the appellant was indicted was committed after the grand jury convened, he could not have presented a challenge to the array, and his motion to quash, being his proper remedy, should have been sustained. Following Davis v. State, 288 S. W. 456.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for receiving stolen property, penalty five years in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully receiving stolen property, and his punishment assessed at five years in the penitentiary.

The record discloses that the appellant was charged by indictment with unlawfully and fraudulently receiving from Willie Davis and Clayton Kemp, on or about September 14, 1925, 1,300 pounds of seed cotton, of the value of $100, belonging to one J. L. Booth, etc. The record further discloses that the District Court of Hopkins County convened on the 24th of August, 1925; that this indictment was thereafter returned into court by the grand jury on September 18, 1925; that the appellant was tried and convicted on September 23, 1925; and that said term of court adjourned on October 3, 1925.

The appellant complains of the refusal of the court to sustain his motion to quash the indictment herein because same was alleged to have been returned by an illegal grand jury. Upon an examination of the record, we find that this is a companion case to that of Davis v. State, 288 S. W. 456, in which the same questions were raised, by the same motion, based upon the same facts now urged by the appellant in the instant case. This court held in the Davis case to the effect that since the offense was committed after the grand jury convened, the appellant, by reason thereof, did not have an opportunity to challenge the array of grand jurors before they were empaneled, and that his remedy was by a motion to quash the indictment, and that the allegations in said motion being without controversy, the trial court was in error in refusing to quash the indictment. The identical questions being raised on this appeal, and the record showing that the alleged offense was committed after the grand jury convened, what we said in the Davis case is peculiarly applicable to this case. We are therefore of the opinion that the trial court was in error in refusing to quash the indictment, and that the

judgment of the trial court should be reversed and said cause ordered dismissed, and it is accordingly so ordered.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.