## Dug Hunter v. The State.

No. 11023.   Delivered October 12, 1927.

Rehearing denied November 18, 1927.

**1.—Selling Intoxicating Liquor—Selection of Grand Jury—By Order of Court—Held Proper.**

Where the District Judge, at the previous term of the court, had arbitrarily refused to appoint a jury commission to select a grand jury, it was not proper for the court at the subsequent term to direct the sheriff to summon a grand jury, under a writ, issued by the court. See Art. 348, C. C. P.; White v. State, 45 Tex. Crim. Rep. 597, and other cases cited.

**2.—Same—Challenge to Array of Grand Jury—When and How Presented.**

Where an accused is under arrest, either in custody or on bond, at the time of the empaneling of the grand jury, he should present his challenge to the array before the grand jury is empaneled. See Art. 361, C. C. P., Subd. 1 and Subd. 2. Following Gentry v. State, 290 S. W. 542, and precedents cited therein.

**3.—Same—Continued—Motion to Quash—Held Proper.**

Where, however, it appears that the trial court had arbitrarily refused to appoint a jury commission at the previous term, to select a grand jury, one indicted at the subsequent term by a grand jury summoned under the order of the court by the sheriff is privileged to attack the indictment by motion preliminary to the trial. See Art. 506 C. C. P., 1925; Woolen v. State, 68 Tex. Crim. Rep. 189, and other cases cited.

**4.—Same—Special Term of District Court—Selection of Jury—Held Proper.**

Where the District Judge, after the adjournment of his regular term of court, called a special term, and caused a jury to be summoned by the sheriff to serve at such special term, this procedure was proper. Following Compere v. State, 295 S. W. 614.

ON REHEARING BY STATE.

**5.—Same—No Error Discovered.**

On the state's motion for a rehearing we cannot agree that our original opinion, declaring appellant's right to file his motion to quash the indictment, on the ground that the grand jury was not selected as required by law, was erroneous and, in conflict with our holding in the Gentry case, 290 S. W. 545. In the instant case the facts are conceded that the trial judge at the preceding term had arbitrarily refused to appoint a jury commission to select a grand jury. Subsequently at a special term of court a grand jury was summoned by the sheriff, and we now hold that a man indicted by such grand jury could object to its legality by motion to quash the indictment. The facts in the Gentry case were entirely different.

Appeal from the District Court of Hopkins County. Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction for selling intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*H. O. Norwood,* District Attorney, of Greenville; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Selling liquor is the offense, punishment fixed at confinement in the penitentiary for a period of one year and nine months.

Appellant was indicted at the regular January term of the District Court of Hopkins County in 1927. The grand jury was, under the direction of the court, summoned by the sheriff because there had been no provision made at the previous term of the District Court for the selection of grand jurors for the succeeding term by a jury commission. The indictment was returned on the 3rd day of February, 1927, and on the 4th day of February the appellant was arrested under the indictment. The regular term was adjourned on the 8th day of February, and the trial took place at a special term of the District Court called after the adjournment of the regular term.

Appellant made a motion to quash the indictment upon the ground that the grand jury which found the indictment was not selected by a jury commission appointed at the preceding term, and that the omission was intentional and arbitrary. The motion was overruled. The ground upon which it was overruled was that at the time the grand jury was organized and impaneled the appellant was confined in the county jail and made no motion to quash or challenge the array of the grand jury and was not brought into court for that purpose. The law contemplates that at each term of court the trial judge shall designate and appoint jury commissioners, and requires that they select a list of persons from whom a grand and petit jury at the succeeding term shall be organized. See Chap. 1, Title 7, C. C. P., 1925.

In Art. 348, C. C. P., it is declared that "if there should be a failure, from any cause, to select and summon a grand jury as herein directed," a grand jury may be organized by the court from persons summoned by the sheriff under a writ issued by the court. Under the statutes controlling, as construed in many decisions of this court, the trial court is not privileged to organize a grand jury from persons summoned by the sheriff when the statutory direction declaring that at the previous term the court should appoint jury commissioners to select persons from whom the grand jury should be organized has been

arbitrarily disregarded.    White v. State, 45 Tex. Crim. Rep.
597; Woolen v. State, 68 Tex. Crim. Rep. 189, and other cases
collated in Ex Parte Holland, 91 Tex. Crim. Rep. 339.    The
statute points out the circumstances under which the organiza-
tion of a grand jury may be attacked by challenge to the array.
See Art. 361, C. C. P., Subd. 1, which reads thus:

"That those summoned as grand jurors are not in fact those
selected by the jury commissioners."

And Subd. 2, Art. 361, supra, which reads thus:

"In case of grand jurors summoned by order of the court,
that the officer who summoned them had acted corruptly in sum-
moning any one or more of them."

The law contemplates that one who is charged with an offense
and who is under arrest or in custody or under bond, to avail
himself of either of the irregularities mentioned in Art. 361,
supra, must do so by a challenge to the array before the grand
jury is impaneled.    In a recent case it was said:

"If, under such circumstances—that is, he being under arrest
or under bond charged by complaint with an offense—his right
to challenge the array would be waived unless exercised by him
before the grand jury was impaneled."    (Gentry v. State, 290
S. W. 542, and precedents cited therein.)

From the former announcements of this court it seems that
the first ground of the challenge to the array, as set out in
Art. 361, supra, has not been deemed applicable in instances
in which no jury commissioners were appointed.    Chap. 1, Title
7, C. C. P., 1925.    In addition to the precedents cited above,
reference is made to Powell v. State, 269 S. W. 443, and
cases therein cited on page 446.    From the precedents men-
tioned, it appears that the arbitrary refusal of the trial judge
to provide jury commissioners at the previous term to select
a grand jury at the next succeeding term is a matter upon which
one indicted by the grand jury summoned by the sheriff under
an order of the court is privileged to attack the indictment by
motion preliminary to the beginning of the trial.    Such privi-
lege is not embraced in Art. 506, C. C. P., 1925, naming the
grounds on which a motion to set aside the indictment shall be
based, but it has been regarded as a right embraced in the con-
stitutional provision guaranteeing a trial by an impartial jury
on an indictment presented by a legal grand jury.    See Woolen
v. State, 68 Tex. Crim. Rep. 189; Powell v. State, supra; Davis
v. State, 288 S. W. 456.    The principle that the restrictions
found in the acts of the Legislature intended to preserve and
protect individuals in their rights under the Constitution will

not be so construed as to thwart the purpose of the enactment. Illustrations are available in the announcement of the court in the opinion written by Presiding Judge Hurt, in Powell's case, 17 Tex. Crim. App. 345, to the effect that the statute, according to its letter, confined the plea of former jeopardy to instances in which the prior proceedings had resulted in a conviction or acquittal. The court held that former jeopardy would be available as a bar under certain circumstances, though the trial came to an end without a verdict. So, in Juarez v. State, 277 S. W. 1091, the statute which is now under discussion (Art. 506, C. C. P.) was held not to foreclose the right of an accused to have the indictment set aside for a cause necessary to his constitutional right, though not embraced in the statute. Following the precedents, we are constrained to declare that the indictment in the present case should have been set aside. We will add that the record makes manifest the fact that the learned judge who presided at the trial was not in office at the previous term. It seems that upon learning that the statute requiring the appointment of jury commissioners had been purposely ignored, he took steps to avert in part the consequences by adjourning the regular term and calling a special term of court. The further step of sustaining the appellant's motion to set aside the indictment and organizing a grand jury at the special term should have been taken.

Appellant insists that the organization of the special term of court at which he was tried was void. This claim is based upon the construction placed upon the revision of the civil and criminal codes of the state in 1925. Passing on another phase of the statutes, this court has heretofore expressed the opinion that the repealing clause accompanying the revised Code of Criminal Procedure was not subject to a construction so restrictive as to exclude the consideration of the civil statutes. See Compere v. State, 295 S. W. 614. The calling and organization of a special term of court cannot be regarded as a penal statute or necessarily a part of the Code of Criminal Procedure. The constitution and jurisdiction of the district courts are parts of the organic law. To the Legislature is committed the duty of subdividing the state into judicial districts and of increasing or diminishing the districts at will. It is also declared:

"The District Court shall have original jurisdiction in all criminal cases of the grade of felony." (Const. of Tex., Art. 5, Secs. 7 and 8.)

In Art. 5, Sec. 7, of the Constitution it is said:

"The Legislature shall have power by general or special laws to authorize the holding of special terms of the court or the holding of more than two terms in any county for the dispatch of business."

In Art. 1920 of the civil statutes of 1911 the following appears:

"Whenever a district judge deems it advisable to hold a special term of the district court in any county in his district, such special term may be held; and such judge may convene such term at any time which may be fixed by him. Such district judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law. Such jurors may be summoned to appear before such district court at such time as may be designated by the judge thereof. In the discretion of the district judge, a grand jury need not be drawn or impaneled. *No new civil cases can be brought to a special term of the District Court.*"

It is true that these same provisions were formerly embraced in the C. C. P. 1911, Arts. 93 and 94. However, the necessity therefor is not apparent, and the omission of them in the revision of 1925 is not believed to impair their efficacy in authorizing the organization of district courts, and when so organized the provisions of the Constitution operate upon their jurisdiction. See Ex Parte Young, 49 Tex. Crim. Rep. 536; Ex Parte Martinez, 66 Tex. Crim. Rep. 1; Mayhew v. State, 69 Tex. Crim. Rep. 187; Davis v. State, 83 Tex. Crim. Rep. 539; Elliott v. State, 58 Tex. Crim. Rep. 200; Hickox v. State, 95 Tex. Crim. Rep. 175; Newton v. State, 93 Tex. Crim. Rep. 314. As applied to the present record, the judge having called a special term of court, it was within the scope of the court's power to provide a jury. See Bennett v. State, 95 Tex. Crim. Rep. 422; Ex Parte Holland, 91 Tex. Crim. Rep. 339.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING BY STATE.

HAWKINS, JUDGE.—A motion for rehearing in behalf of the state is presented by the honorable District Attorney of the Eighth Judicial District, which is based largely upon what is conceived to be a conflict between our opinion in the present case and that in Gentry v. State, 290 S. W. 543. When the facts of the two cases are understood we think there is no conflict. In Gentry's case a jury commission was appointed as

the law directs. The point there arose as to an irregularity in the operation of the commission. The trial judge objected to four of the grand jurors whom the commission had selected, erased their names from the list, and directed the commission to select others in their stead, which was done. So the real point involved was that the grand jurors brought into court were not the ones selected by the jury commission, because the four first selected were not included in the list, thus coming directly under subdivision 1, Art. 361, C. C. P. (1925), which provides that a challenge to the array is available on the ground "that those summoned as grand jurors are not in fact those selected by the jury commission." The record showing that Gentry was in a position where he might have exercised such challenge to the array, it was held that his failure to do so was a waiver of his right to complain. In the present case no jury commissioners were appointed at all at the preceding term of court to select a grand jury, and such failure was held under the showing made in the record to have been an arbitrary and willful disregard of the plain provisions of the statute, hence a different rule is applied, as is pointed out in our original opinion.

It is suggested in the motion for rehearing that if our views are adhered to as indicated in our former opinion the order of the court should direct that the prosecution be dismissed under the present indictment. Whether the failure to appoint a jury commission was an arbitrary and willful disregard of the statute necessarily involved a question of fact which might appear differently upon another trial, hence we thought it improper to order a dismissal. If it be known to the prosecuting officer that the facts will be the same as appears in this record, prosecution under the present indictment may be dismissed and another indictment secured.

The state's motion for rehearing is overruled.

*Overruled.*