### SON BIGGINS V. THE STATE.

No. 11321.   Delivered January 18, 1928.

Rehearing denied March 21, 1928.

1.—Assault to Murder—Indictment—Motion to Quash—Properly Overruled.

Where a motion to quash the indictment was presented on the ground that it does not appear in the proceedings of the court that a jury commission was named by a special judge to draw a list of persons of the grand jury for the succeeding term that returned the indictment, and the bill of exceptions complaining of the matter fails to show that no order appointing a jury commission was in fact made, no error is presented.

2.—Same—Continued.

There is no mandatory provision of the statute requiring a record of the appointment of jury commissioners, nor one that makes void the acts of such commissioners whose appointment the clerk has failed to record.

3.—Same—Continued.

The burden is upon appellant to show lack of authority in the jury commissioners purporting to act, and this burden appellant has failed to discharge.

4.—Same—Special Judge—Validity of Appointment—How Attacked.

Where the validity of the appointment and qualification of a special judge is attacked by questioning his authority to appoint jury commissioners. "If his authority is to be questioned, the onus is upon the party

attacking his authority to show that he was not in fact a special judge of said district court." See Sanchez v. State, 94 Tex. Crim. Rep. 606, and Johnson v. State, 14 Tex. Crim. App. 310.

### 5.—Same—Evidence—Res Gestae—Properly Admitted.

Where, on a trial for assault to murder, there was no error in permitting prosecuting witness to testify that the bullet fired at her by appellant, went across her mother's bed, and almost struck the bed. This testimony was a part of the res gestae, and clearly admissible. See McCall v. State, 14 Tex. Crim. App. 353; Maxey v. State, 104 Tex. Crim. Rep. 661; also Underhill's Crim. Ev., Sec. 501.

### 6.—Same—Evidence—Finding of Pistol—Properly Admitted.

There was no error on a trial for an assault to murder to admit proof that a pistol was found the next morning, near where the appellant had been apprehended the night before, and of the finding of a cartridge at his house, which fit the pistol, and that the pistol found had three snapped cartridges and one discharged cartridge in it, a witness for the state having testified that appellant snapped his pistol three times and fired it once.

### 7.—Same—Charge of Court—On Circumstantial Evidence—Not Demanded.

Where one witness positively identified appellant as the man who fired into the house of his mother and the appellant himself testified that he did not know whether he had fired the shot or not, a charge on circumstantial evidence was not necessary.

#### ON REHEARING.

### 8.—Same—Special Judge—Appointment and Qualification—Rule Stated.

When a conviction results from a *trial* in the District Court over which a special judge presides, a reversal will be ordered on appeal unless the record shows the selection or appointment of the special district judge, and his qualification. This case was not *tried* before a special judge, but the jury commission which drew the grand jury that returned the indictment was selected by a special judge. See Art. 1886, R. C. S., 1925. Harris v. State, 288 S. W. 288.

### 9.—Same—Continued.

However, it has never been held that the validity of a grand jury, organized at a subsequent term of court from persons designated by a jury commission appointed at a preceding term by a special judge, was rendered void by reason of the failure of the record to show the appointment of the jury commissioners.

### 10.—Same—Continued.

Touching the orders made by the court in which a special judge presides, it would seem that there would prevail the same presumption of validity as would attach with the regular judge presiding, and the mere omission of the clerk to record an order made by proper authority is not such fault as would render void, action taken by reason of the order. See Cyc. of Law & Proc., Vol. 20, pp. 1305-1312. Ruling Case Law, Vol. 13, pp. 1016-1018, and Schwartz v. State, 30 Tex. Crim. App. 29-30.

### 11.—Same—Indictment—Motion to Quash—Practice in Trial Court.

A motion to quash an indictment presented to the trial court because the appointment of the jury commission which selected the grand jury was irregular, is not the proper remedy. Distinguishing Hunton v. State, 299 S. W. 437.

12.—Same—Practice on Appeal—Record Only Is Considered.

On appeal, by this court, there can be considered only such facts as were before the trial court, and which appear in the record on appeal, and we cannot consider the excerpts from the minutes of the September term of the trial court attached to appellant's motion for a rehearing.

Appeal from the District Court of Ellis County. Tried below before the Hon. Tom J. Ball, Judge.

Appeal from a conviction for an assault to murder, penalty six years in the penitentiary.

The opinion states the case.

*Looney & Stout* of Ennis, for appellant.

*A. D. Emerson,* County Attorney of Ellis County; *Archie D. Gray* of Ennis, special prosecutor, and *A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE. — Offense assault to murder, penalty six years in the penitentiary.

Motion was made in the trial court to quash the indictment. We pass on this question without pausing to consider or decide whether such a matter can be thus raised. The bill of exceptions raising this point shows in substance the following: That at the regular September term, 1926, of the District Court of Ellis County, Honorable Tom Whipple was elected as special judge, which fact appears by a qualification to the bill of exception, accepted by appellant and by which he is bound. A grand jury appeared at the next term of court in December, but the bill alleges as a fact that there nowhere appears in the proceedings of the District Court of Ellis County for the September term any order of the District Judge thereof or any Special District Judge thereof appointing or naming a jury commission to draw a list of persons for grand jurors of said court for the December term. Appellant was indicted at the December term, which indictment he insists is void by reason of the absence of said order. He was subsequently tried before the regular judge at the March term of the District Court of Ellis County. The bill of exception fails to show that no order appointing a jury commission was in fact made.

Appellant relies upon the case of Blanks v. State, 288 S. W. 452, to sustain his contention. The case cited is based upon certain mandatory provisions of the statute requiring a record of the selection and oath of office of special judges before whom a case may be tried. It has no application to the point raised

in the bill of exception. There is no mandatory provision of the statute requiring a record of the appointment of jury commissioners, nor one which makes void the acts of such commissioners, whose appointment the clerk has failed to record.

The trial of this case was before a regular, not a special, judge and the proceedings attacked are not covered by the provisions of the statute referred to in the Blanks case.

The burden was upon appellant to show lack of authority in the jury commissioners purporting to act and this burden he has failed to discharge. As said in the case of Schwartz v. State, 38 Tex. Crim. Rep. 26:

"If his authority is to be questioned, the onus is upon the party attacking his authority to show that he was not in fact a special judge of said District Court, and that the order of transfer, in consequence, was void."

See also Sanchez v. State, 94 Tex. Crim. Rep. 606; Johnson v. State, 14 Tex. Crim. App. 310.

It is further suggested that the indictment should be quashed because the real name of appellant was A. I. Biggins and not Son Biggins. The appellant seems to disagree with his counsel about this matter. He testified on the trial: "My name is Son Biggins." He was referred to by the witnesses as "Son Biggins." The contention is wholly without support in the record, even if it were sound as a legal proposition.

By bill of exception No. 5 it is made to appear that Mrs. Thompson, the prosecuting witness, was permitted over objections to testify that the bullet fired at her went across her mother's bed and almost struck the bed. Appellant is shown to have fired only one shot, which was the one referred to by witness. It was a part of the res gestae and clearly admissible. McCall v. State, 14 Tex. Crim. App. 353; Maxey v. State, 104 Tex. Crim. Rep. 661; Underhill's Criminal Evidence, section 501. It was admissible under the facts of this case not only to show that the bullet almost struck the mother of prosecuting witness, but it would have been permissible to prove that it did in fact strike her, if same had been a fact, and such testimony being res gestae, under the circumstances would not even have had to be limited in the court's charge. Collins v. State, 299 S. W. 403; Jenkins v. State, 59 Tex. Crim. Rep. 475.

By another bill complaint is made of the introduction of a pistol found the next morning near where the appellant had been apprehended the night before and of a cartridge at his house which fit this pistol. The pistol found had three snapped cartridges and one discharged cartridge in it. A witness for the state testified that appellant snapped his pistol three times

and fired once. The evidence was admissible and the objections to same go to its weight and not to its admissibility. Underhill's Crim. Ev. (3rd Ed.), Sec. 494; Forester v. State, 163 S. W. 87; Hardin v. State, 51 Tex. Crim. Rep. 559.

It is urged that the court erred in not charging upon circumstantial evidence. Witness Charlie Thompson positively identified appellant as the man who fired into the house of his mother, and the appellant himself does not deny it, testifying: "I don't know whether what they have testified here about shooting in the house is true or not. I was not in condition to know what I was doing." There could be no doubt of the correctness of the court's action in refusing to charge on circumstantial evidence, under such facts.

Many other questions are raised, all of which have been examined and are believed to be without merit and not to justify any discussion.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant was tried at a term of the District Court which began on the 7th day of March, 1927, over which the Hon. Tom J. Ball presided. The indictment was returned at the December (1926) term of the District Court, at which time the Hon. Tom P. Whipple presided as special judge. The point apparently raised is that in the absence of an order appointing a jury commission at the December term of court the acts of the grand jury selected by the court from persons designated by the jury commissioners at the subsequent term were void. As stated in the original opinion, there are numerous precedents to the effect that when a conviction results from a *trial* in the District Court over which a *special judge* presides, a reversal will be ordered on appeal unless the record shows the election or appointment of the special district judge and his qualifications. Such is the interpretation of Art. 1886, R. S., 1925, made by this court in Harris v. State, 288 S. W. 450, and Blanks v. State, 288 S. W. 452, and the numerous authorities collated in each of said cases. So far as we are aware, however, it has never been held that

the validity of a grand jury organized at a subsequent term of court from persons designated by the jury commission appointed at the preceding term, presided over by a special judge, was rendered void by ·reason of the failure of the record to show the appointment of the jury commissioners. The statute requiring that the special judge be selected according to the statutory law and that his acceptance and qualification be made a matter of record has, throughout the history of this court, been deemed mandatory, and that a trial and conviction at a term of court at which a special judge purports to have presided cannot be upheld in the absence of a record showing his appointment and qualification.

Touching the *orders* made by the court in which a *special judge* presides, it would seem that there would prevail the same presumption of validity as would attach with the regular judge presiding, and the mere omission of the clerk to record an order made by proper authority is not believed such fault as would render void action taken by reason of the order. Cyc. of Law & Proc., Vol. 20, pp. 1305-1312; Ruling Case Law, Vol. 13, pp. 1016-1018. Analogous is the case of Schwartz v. State, 38 Tex. Crim. Rep. 29-30, from which we quote as follows:

"Now, there is no authority in any statute that we know of requiring the election and qualification of a special judge selected under Art. 1071, R. S., 1895, to accompany the transfer of the case as a part of the record thereof; and we hold that where the transfer shows that it was from the District Court to the County Court, and by a special judge, it will be presumed that the contingency arose which authorized the selection of the special judge, and that all of the conditions of his appointment and qualification, as required by the statute, were complied with, and entered upon the minutes of the District Court, as the law requires. If his authority is to be questioned, the onus is upon the party attacking his authority to show that he was not in fact a special judge of said District Court, and that the order of transfer, in consequence, was void. The cases to which we are referred by counsel, as stated before, have no application to this case."

From the qualication of the bill of exceptions under discussion, it appears that at the September term, 1926, "the Hon. Tom. P. Whipple, an attorney of this bar, was elected in due form as special judge of this court for the September term, 1926, and as such had jury commissioners at the last of the term to draw a grand jury and jurors for the various weeks of the December term, 1926, of this court, and the regularly drawn

grand jury was impaneled at the December term according to the provisions of the statutes." This bill, so qualified, was accepted without objection.

The opinion is further expressed that on the facts upon which the appellant relied—a motion to quash the indictment—was not the proper remedy even though the appointment of the jury commission was irregular. If vulnerable, the attack should have been by challenge to the array. Appellant was in jail, charged with the present offense, at the time the grand jury was organized. His attack upon the indictment is not that there were no jury commissioners appointed and no grand jury drawn by them, but that the selection of the grand jury was by a jury commission irregularly appointed. The situation does not seem to bring it within the purview of Hunter's case, 299 S. W. 437. In that case there was no attempt at the previous term to appoint jury commissioners to select a grand jury, and the failure to do so was not for good cause.

Attached to the argument on motion for rehearing is what purports to be some excerpts from the minutes of the September term of court, 1926. They are not a part of the record in the present appeal. Upon appeal, there can be considered only such facts as were before the trial court and appear in the record on appeal.

The motion for rehearing is overruled.

*Overruled.*