AUGUSTINE PENA, ALIAS ARCHIE PARR V. THE STATE.

No. 12111.   Delivered April 17, 1929.
Rehearing denied February 19, 1930.
Reported in 24 S. W. (2d) 396.

16

The opinion states the case.

Second motion for rehearing granted, see 29 S. W. (2d) 785.

*Sid B. Malone* of Beeville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

Appellant moved to quash the indictment, and complains of the refusal of the court so to do, in his bill of exceptions No. 1, which contains some thirty odd pages. Condensing as best we can its contents, it sets up that the regular judge of Bee county, Judge T. M. Cox, convened his November, 1926 term,—instructed his grand jury,—and then because engaged in a lengthy unfinished trial in another county of his district he recessed court until November 15th. On November 15th, he not being present, the bar of Bee county elected a special judge who duly qualified, and on November

18th appointed jury commissioners to select grand and petit jurors for the next regular term of said court which would convene in April 1927, which commissioners qualified under appointment, met and returned lists supposed to contain the names of such jurors, to the district clerk,—which returns, according to appellant's statement in his motion, have never been opened or used. It further appears from the bill that on December 21st following, the regular judge returned and resumed the bench, this being during the continuance of the November Term. On that day he made an order which was carried into the minutes, reciting the appointment of said jury commission by said special judge, and the selection by them of jurors for the next succeeding term of the court, and also of the fact that said jury commission had overlooked and failed to select special venires as required by law, and had overlooked and failed to consider Mexican citizens as jurors who might be otherwise qualified, and being informed that this objection had been made in other cases involving Mexicans, and would be raised in cases of Mexicans who might be before the court thereafter, it was ordered that the grand and petit jurors returned by said jury commission be vacated and set aside and the jurors not summoned; and the court then named other jury commissioners who returned lists of grand and petit jurors for the April Term of said court, which grand jury returned the instant indictment. In this connection, in said bill of exceptions appears the statement by Judge Cox, who seems to have testified at the instance of both parties, in substance that it has always been his custom to appoint a jury commission the last week of his court because he could then know how to instruct the drawing of jurors for the next term. It further appears from said bill that the court upon his return to the bench December 21st was informed that the question of race discrimination against Mexicans would be raised in cases thereafter returned involving Mexicans, and being of opinion that such issue might be met by the appointment of a jury commission who could be properly instructed on this point, he made the order referred to setting aside the return by the commissioners appointed by the special judge, and appointing others who were by him instructed to consider, and who did consider and name as jurors, Mexicans.

We are favored by a brief filed by able counsel for appellant which contains citation of many authorities, none of which seem in point. Granting without discussion that appellant had the right in a case like this to move to quash the indictment for irregularities in the formation of the grand jury, we are of opinion that he wholly

fails to show any discrimination against the Mexican race in the formation of the grand jury which indicted him. ˙No proof appears in this record that the jury commission which drew this grand jury, in any particular or fashion discriminated against the Mexican race. The opposite of this appears from the testimony of Judge Cox as set out in this bill of exception. He states: "I know the jury commissioners did take into consideration the selection of Mexicans as jurors, because several of them appeared as jurors." We are cited to no authority and know of none which holds that the trial court having once appointed jury commissioners who have reported, has no further power over them or the results of their work during the same term. Certainly if the court found that such jury commissioners only partially performed the duties incumbent upon them, he could have them brought back and instructed, and this would appear to be more nearly regular than the appointment of other commissioners, but this court held in Columbo v. State, 65 Texas Crim. Rep. 608, that district judge had power to appoint a new commission to draw additional jurors, and we know of no rule of law opposing the correctness of such action. We do not perceive any good reason why the court below, if legally in possession of facts from which he knew that the work or returns of the jury commissioners theretofore appointed, would not stand the test of court inquiry, might not set same aside and decline to accept the list of jurors and might reconvene the same jury commission or appoint a new one.

To say that the court,—being made aware that in the report and lists of jurors on file made by the jury commission, but which had not yet been opened or used, they had discriminated against some race or character of persons,—is helpless to take any steps to remedy or avoid the consequences, is to confess weakness in our system of government and in our courts. If,—when the grand jury has been impaneled—has made its investigations—returned its indictment— the witnesses have been summoned for the trial—a petit jury has been impaneled,—then and not until then the court may act and hold null and void the acts of the grand jury because of discrimination in its formation, notwithstanding he knew it legally before the jury convened and before all this expensive machinery had been set up and in operation,—then we are indeed open to criticism. It is not shown in this bill how Judge Cox knew the jury commissioners appointed by the special judge had declined to consider or draw Mexicans on the grand jury and petit jury lists returned by them, but the order setting aside such lists so returned so recites that they had overlooked and failed to select a special venire as required by statute,

and that the commissioners had overlooked the considering and drawing of any Mexican jurors. We may say that as far as this record shows to the contrary, we are of opinion that the act of the trial judge in promptly setting aside the return of the jury commissioners upon any information which tended to support the proposition of intentional discrimination, should be commended and not criticised. We are of opinion the bill as qualified shows no error.

We find nothing in appellant's bills of exception Nos. 4, 5, 6, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19 and 20 calling for any discussion on our part. Bill of exception No. 7 complains of evidence of two sales of intoxicating liquor by appellant. The indictment contained a number of counts, the court submitting only the one charging possession for purposes of sale. Proof of two sales reasonably near to each other would be permissible in support of such a charge. The bill of exception contains no statement as to the proximity of the two sales referred to. Bill of exception No. 8 fails to show by any statement of surrounding facts that the testimony objected to, set out therein, was not material to some issue in the case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The showing made in bill of exception number one is sufficient to bring appellant within the purview of the law permitting an attack to be made on the indictment at the time and in the manner here appearing.

So far as the legal question is concerned it is entirely immaterial that one set of jury commissioners was appointed by a special judge, and that the orders setting aside the work performed by them were made by the regular judge and that other jury commissioners were then appointed by him. All of these matters occurred at the same term of court. The point presented seems really to turn upon the extent to which a judge has control over his orders and judgments during the term of court at which made. The general rule is stated in Vol. 34, Corpus Juris, page 207, Sec. 436, as follows:

"A court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, open or vacate such judgments."

Many civil cases and some criminal cases from our own state are collated in the notes under the text quoted. The principle has been

recognized and applied by this court in cases even where motion for new trial has been overruled and notice of appeal given, but subsequently at the same term of court those orders have been vacated and a new trial granted. Reeves v. State, 4 S. W. (2d) 50; Bankston v. State, 80 Tex. Cr. R. 629, 192 S. W. 1064; Bundick v. State, 59 Tex. Cr. R. 9, 127 S. W. 543. In the case last cited the rule is thus announced.

"During the term of the court at which any judgment has been entered or motion acted upon, the court still has power, during the term, over all of its proceedings, and may correct and reform or set aside any judgment or action of the court had during the term."

The presumption is that both judges were acting in good faith at all times regarding the matter, in the absence of any showing to the contrary. What moved the regular judge to set aside the work of the first jury commissioners? The answer is found in the record. In the vacating order appears the following recital.

"* * * but it further appearing that said jury commissioners overlooked or failed to select a special venire list as required by article 593 of the Code of Criminal Procedure, and it further appearing that in cause number 1798 the State of Texas v. Secondino Rodriquez charged with the offense of murder the question of race discrimination has been raised by the attorneys for the defense in that the defendant is a Mexican, and that no Mexicans had been selected by the former jury commissioners as jurors for the present term of this court and by reason thereof no Mexican jurors are summoned on the special venires, and it further appearing that there are a number of other Mexicans under indictment who might also raise the same question of discrimination when their cases shall be called at the next term of this court, and that the matter of selecting or considering Mexicans for jurors has been heretofore over-looked who are qualified for and subject to jury service, if selected, and that it would be advisable for the jury commissioners to consider the selection of Mexicans as jurors when selecting the juries for the next regular term of this court, it is therefore ordered, adjudged and decreed by the court that the lists of the Grand and Petit Jurors as selected by the Jury Commissioners hereinbefore named be and they are hereby vacated, set aside and held for nought, as is also the order of the court or judge approving the report of the said jury commissioners, and that the Clerk of this Court be ordered to disregard said Jury lists when giving over to the Sheriff of this County the lists of Jurors to be summoned for the next regular term of this court."

The regular judge gave the following evidence upon a hearing of the motion to set aside the indictment.

"* * * The Jury Commissioners appointed by me on December 21, 1926, were appointed during the same term of the District Court of Bee County that convened on November 1, 1926. My custom has always been to appoint my Jury Commissioners the last week of the term of Court so that I may know better what may be needed for the next term. It is a fact that pending business then on the docket and what business may present itself during the interval between the adjournment of that term of Court and the convening of the next term of Court is taken into consideration by the Court when Jury Commissioners are appointed. I called the Clerk and found that no venire list had been given to him by the Jury Commissioners who were appointed by Special Judge Chambliss. The Court judicially knows that the Statute provides for this special venire list and Judge Blanton who assisted Mr. Malone, while Mr. Malone was District Attorney in the prosecution of the case of Secondino Rodriquez, after they had agreed with the attorney for the defense to continue that case, rose up before the bar and asked me if I had appointed my jury commissioners and I told him, 'No,' and then he said he would make it a suggestion that in view of the fact that Mr. Bonham, the defense lawyer in the Rodriquez case, had raised race discrimination, that I ask my jury commissioners to select Mexicans on the next jury and I told him all right, I would take that into consideration. Yes, I know the Jury Commissioners selected did take into consideration the selection of Mexicans as jurors for the following term of Court, because several of them appeared here as jurors, and I don't remember that any of them qualified as jurors on their voir dire examination."

The indictment returned against appellant was found by the grand jurors selected by the jury commissioners appointed by the regular judge after he had vacated the panels selected by the jury commissioners who had been appointed by the special judge. There is no claim that the acting grand jurors were not ones chosen by the commissioners appointed by the regular judge; indeed the whole complaint is based on the fact that they were chosen by those commissioners. No complaint of injury is made. The sole insistence is that the regular judge had no authority to set aside the panels drawn by the first set of jury commissioners.

Chapter 1, Title 7, C. C. P., embracing Articles 333 to 372 relate to the manner of securing grand jurors and other matters incident to the operation of the grand jury. Article 348 declares that "if there

should be a failure from any cause to select and summon a grand jury as herein directed" a grand jury could be empanelled from persons summoned by the sheriff. Under many decisions construing the statutes controlling it has been held that a grand jury could not be secured in the manner pointed out in Article 348 if an *arbitrary disregard* of the statute was shown which directed the appointment of commissioners at a previous term to select a grand jury. (See Hunter v. State, 108 Tex. Cr. R. 142, 299 S. W. 437 and cases therein cited.) These statutes and authorities are referred to as having some analogy to the question before us, as we have no direct precedent. The evidence of the judge and the recitals in the order vacating the jury panels therefore drawn by the commissioners appointed by the special judge make it apparent that setting them aside could not be characterized as an *arbitrary* act. If the judge becomes doubtful as to the legality or propriety of an order or judgment entered by him, under the general powers of the court to control its judgments during the term, he may set them aside or correct them as heretofore pointed out. Why should the same right or power be denied under circumstances here appearing? It appears from the record that before vacating the jury panels theretofore drawn the judge had information that the question of race discrimination would be raised. It was in fact raised by appellant in the present case, but not supported. Having information that the issue would be raised, and being doubtful whether the former jury commissioners had discriminated against the Mexican race, was it incumbent on the judge to wait until confronted with the imminent question, knowing the unavoidable delay which must necessarily follow if it then became necessary to set aside the panel, or could he exercise now during the same term the inherent power of the court to vacate the panels and provide by appointment of other commissioners under proper instructions grand and petit jurors not subject to the threatened charge of race discrimination?

Article 2108 R. C. S., 1925, reads as follows:

"If from any cause, the jury commissioners should not be appointed at the time prescribed, or should fail to select jurors as required, or should the panels selected be set aside, or the jury lists returned into the court be lost or destroyed, the court shall forthwith proceed to supply a sufficient number of jurors for the term, and when deemed necessary may appoint jury commissioners for that purpose."

It is clear from the foregoing article that if the panels selected by the commissioners appointed by the special judge had been set aside

at the succeeding term of court the judge could have availed himself of jury commissioners authorized under said Article 2108 to supply the needed jurors. If the judge foresaw the probable happening of this contingency at the next term of his court, and in order to forestall it acted during the present term while the orders were still under his control it would seem to furnish no just basis for the attack upon the indictment under the facts presented in the present record.

The motion for rehearing is overruled.

*Overruled.*

### DISSENTING OPINION ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The following facts are shown by Bill of Exception No. 1. After convening the regular term of the District Court of Bee County in November, 1926, the elected judge was present and presided. After the organization of the grand jury it was recessed for fifteen days and the judge went to the county seat of Live Oak County and presided at a special term of the district court. During the absence of the regular judge a special judge was elected by the attending attorneys to preside over the District Court of Bee County. Subsequent to his election the special judge appointed three men as jury commissioners, charging them with the duty of drawing the grand and petit juries for the succeeding term of court. After qualifying, the jury commissioners prepared a list of grand and petit jurors as provided by statute and made return thereof to the district clerk. The regular judge resumed his control over the District Court of Bee County and thereafter entered an order vacating the appointment of the jury commissioners mentioned. He also appointed other persons as jury commissioners and directed them to prepare a list of grand and petit jurors for the succeeding term. The list previously prepared by the jury commissioners appointed by the special judge was in the hands of the clerk, duly sealed, but the regular judge ordered that they be disregarded. At the succeeding term of court the grand jury was empaneled from the list prepared by the jury commissioners appointed by the regular judge under the circumstances above indicated. The appellant having brought himself within the purview of the law permitting a challenge to the array of the grand jury, sought an annulment of the indictment against him. On the hearing of the motion the record showing the proceedings of the court, both those under the control of the regular judge as well as those under the special judge, were introduced and made a part of the bill of exception, including the

order of the regular judge vacating the proceedings which, in setting forth the reasons for his action, embraced the following:

"* * * but it further appearing that said jury commissioners overlooked or failed to select a special venire list as required by article 593 of the Code of Criminal Procedure, and it further appearing that in cause number 1798 the *State of Texas* v. *Secondino Rodriquez* charged with the offense of murder the question of race discrimination has been raised by the attorney for the defense in that the defendant is a *Mexican,* and that no Mexicans had been selected by the former jury commissioners as jurors for the present term of this court and by reason thereof *no Mexican jurors are summoned on the special venires,* and it further appearing that there are a number of *other Mexicans under indictment* who might also raise the same question of discrimination when their cases shall be called at the next term of this Court, and that the matter of selecting or considering Mexicans for jurors has been heretofore overlooked who are qualified for and subject to jury service, if selected, and that it would be advisable for the jury commissioners to consider the selection of Mexicans as jurors when selecting the juries for the next regular term of this court, etc."

It is made evident by the bill that at the time the order was made, the list of grand and petit jurors prepared by the commissioners appointed by the special judge had not been opened. The means of knowledge of the contents of the list which is made the basis of the order is not revealed. The regular judge made a statement as a witness on the hearing of the motion which coincides with the averments therein and the reasons for his action as embraced in his order have hereinabove in substance been set forth.

At issue is the legal question touching the validity of the order of the regular judge which resulted in substituting the list of grand and petit jurors which were selected by the jury commissioners appointed by him for those which were originally appointed. In other words, had the regular judge the power under the facts revealed to annul the action of the special judge in appointing the commissioners and the actions of the commissioners so appointed in the performance of their duties? The statutory provisions for the selection and organization of the grand jury are embraced in Title 7, Chap. 1, C. C. P., 1925. In Art. 333, C. C. P., the declaration is made that the district judge shall at each term appoint jury commissioners, setting forth the qualifications of the persons to be appointed as jury commissioners. Art. 335 prescribes the oath of the jury commissioners. Art. 336 contains the substance of the instruc-

tions that shall be given to them by the presiding judge. Art. 337 provides for their freedom from intrusion while performing their work and forbids their separation without leave of the court until their duties have been completed. Art. 338 provides that the jury commissioners shall select sixteen men from the citizens of the different portions of the county to be summoned as grand jurors for the next term of court. Art. 339 provides that none shall be selected save those who possess the qualifications enumerated in the article. Article 340 requires that the names of those selected as grand jurors by the commissioners shall be written upon a paper, together with the fact of their selection, which paper shall be certified, signed and placed in an envelope and sealed with the indorsement: "The list of grand jurors selected at the —— term of the district court," giving the term of court; and the commissioners shall write their names across the seal of the envelope and direct the same to the district judge and deliver it to him in open court. Art. 341 provides that the list shall be delivered to the clerk in open court without opening the same. Art. 342 declares that the clerk shall make oath that the lists will not be opened nor permitted to be opened until the time prescribed by law. The law as construed by this court in many reported decisions demands a substantial compliance with the statutory provisions mentioned, and that an arbitrary disregard of them will necessitate, upon proper demand by one indicted for a crime, the annulment of the indictment. Among the cases in point are Woolen v. State, 68 Tex. Cr. R. 189; Ex parte Holland, 91 Tex. Cr. R. 339; Russell v. State, 92 Tex. Cr. 93; Saulter v. State, 92 Tex. Cr. R. 96; Sanchez v. State, 94 Tex. Cr. R. 606; Simms v. State, 102 Tex. Cr. R. 426; Barton v. State, 103 Tex. Cr. R. 414; Hunter v. State, 108 Tex. Cr. R. 142. The Constitution, Art. 5, Sec. 11, expressly provides for the selection of a special judge under certain circumstances, committing to the Legislature in some particulars the designation of the manner of selection. See Patterson v. State, 87 Tex. Cr. R. 95; Strahan v. State, 87 Tex. Cr. R. 324; Carroll v. State, 104 Tex. Cr. R. 11. See Vernon's Tex. Const., Ann. Vol. 1, p. 365, for numerous precedents. By statute it has been provided the various means of selecting a special judge, among them that which was pursued in the present instance. See Art. 1887, Revised Civil Statutes, 1925. No present question arises touching the legality of the selection of the special judge or his qualification. A special judge presiding over the district court in the absence of the regular judge is charged with the duties and possesses the same powers as those of the regular judge. Ex parte Holland, 91 Tex. Cr. R. 339; Lowe

v. State, 83 Tex. Cr. R. 134; State v. Blanchett, 24 N. M. 433; Biggins v. State, 3 S. W. (2d) 816; Corpus Juris, Vol. 33, p. 1032, sec. 224; also p. 1038; Ruling Case Law, Vol. 15, p. 517, also p. 530.

Nothing is found in the statute expressly fixing the duration of the term of office of jury commissioners. To the writer the implication seems plain that after their appointment and qualification they, at any time during the term, would be available to the court and might be recalled by the judge to complete or supplement their report. It seems manifest that they, being public officers, duly appointed and qualified in accord with the statute, could not be summarily dismissed in the absence of the existence of some disqualifying condition or conduct. Of such condition or conduct the record in the present instance seems void. An analysis of the reasons impelling the dismissal of the jury commissioners appointed by the special judge and the annulment of their report leaves, in the mind of the writer, no doubt that there existed no adequate or legal reason justifying the act. It appears from the order of the court that there stood for trial at the term of court at which the order was made a murder case against a Mexican and that there were other Mexicans under indictment; that at the previous term the jury commissioners had ignored the Mexican citizens in preparing the jury list; that it was contemplated that a legal question would be raised touching the validity of their report as affecting Mexican citizens. It is to be noted that nothing in the order nor in the testimony of the judge discloses any failure on the part of the jury commissioners who were discharged and whose report was annulled to take cognizance of the Mexican citizens in preparing the list of jurors for the succeeding term. Obviously, the jury commissioners appointed by the special judge at the Spring term of 1927 were in no sense responsible for the shortcomings or mistakes of the jury commission who acted at the November term, 1926.

Touching the references in the order to the failure of the jury commissioners appointed by the special judge to designate a list for special venire service as required by Art. 593, C. C. P., the remedy was at hand without discharging the jury commissioners by recalling them to the end that they might supply the omission. The present controversy grows out of the claim upon the part of the appellant that the grand jury which found the indictment against him was not the grand jury selected by the jury commissioners legally appointed. The grand jury which found the indictment was not selected by the jury commissioners appointed by the special judge, but was found by the jury commissioners appointed by the regular judge after he

had ordered the annulment of the appointment of the jury commissioners appointed by the special judge. From this statement it is plain that nothing in the record challenges the inadequacy of the performance of the duties of the jury commissioners appointed by the special judge in the selection of the men who composed the *grand jury*. They had under their oaths made the selection of sixteen men and reported it under oath in the form prescribed by statute and placed it in the hands of the clerk. At the time of the annulment of their work the list had not been opened. The law did not permit it to be opened, and so far as the record shows, no subsequent development revealed any fact that in the selection of the men to serve as grand jurors there had been any failure to meet the conditions suggested with reference to the Mexican citizens or to otherwise discredit the report. There is no intimation that in the performance of their duties they acted in bad faith nor that they were in any sense disqualified. Nor does it appear that they were not available to complete the work by the selection of a special venire list.

The announcement of this court with reference to the chapter of the statute under consideration declares that the intentional disregard by the district judge of the statutes requiring the appointment of jury commissioners at each term to select jurors and grand jurors for the next term is a violation of the right of trial by jury as guaranteed by the Bill of Rights. See Woolen v. State, 68 Tex. Crim. Rep. 189, and authorities collated therein. These decisions do not turn upon the question of injury, but as quoted in the opinion of Judge Davidson in the Woolen case, supra, wherein it is said:

"The right of trial by jury stands upon a higher plane than expediency; and fair trial by jury means a jury selected according to the law regulating their selection and impanelment. We therefore hold that appellant was denied, by the intentional action of the judge, of the right of trial by a legal jury."

The quotation above is taken from the opinion of this court written by Judge Henderson in the case of White v. State, 45 Tex. Cr. R. 597. The principle announced has not been questioned in subsequent decisions but has been consistently followed as will be observed by the citation of the precedents above mentioned, and in the following decisions has been given application to Art. 338, C. C. P., by which it is made the duty of the jury commissioners to select sixteen men to be summoned from whom to select the grand jury for the succeeding term of court. See Hunter v. State, 108 Tex. Cr. R. 142; Simms v. State, 102 Tex. Cr. R. 426. That in the present instance the list of grand jurors regularly returned by the

jury commissioners appointed by the special judge was not used in selecting the grand jury which found the indictment against the accused, the refusal to use it *was intentional*.

If it be conceded that the conditions detailed by the trial judge explanatory of his reason for annulling the action of the jury commissioners appointed by the special judge in selecting the sixteen men who were to compose the grand jury were of cogency and importance warranting the action last mentioned, the record is void of any reason for dispensing with the jury commissioners who were appointed by the special judge. The legality of the appointment of the jury commissioners by the special judge is not impugned; nor is the eligibility, capacity, integrity or the diligence of the jury commissioners so appointed put in question by any part of the record. It is bare of suggestion of their unavailability or any emergency which prevented the recall of them in order that they might perform, in a manner acceptable to the regular trial judge, the duties which, in their first assembly, had been overlooked or left incomplete. To the mind of the writer, tested by the record, the action of the regular judge in annulling the appointment of the jury commissioners who were appointed by the special judge is supported by no apparent reason or condition, and in a legal sense, cannot, in the opinion of the writer, be regarded as other than an arbitrary discharge of a jury commission regularly appointed and substituting in place of the men composing the commission others named by the regular judge. We assume that the learned trial judge who governed the transaction acted in good faith with no intent or desire to contravene the laws enacted to make effective the right of trial by an impartial jury as guaranteed by Sec. 10, Art. 1, of the Constitution. The procedure adopted is an innovation without precedent so far as the writer is aware, and one which if given sanction by this court in this particular case would furnish a precedent which might be used to seriously impair the right of trial by jury.

Regarding the question involved in importance as reaching far beyond that of the re-trial of the present case, and entertaining, as the writer does, the fixed opinion that the action of the regular judge in annulling the appointment of the jury commissioners by the special judge under the circumstances detailed in the record and set forth in this opinion, and disregarding the list of grand jurors selected by such jury commissioners, the writer, with due deference to the contrary opinion of his associates, is constrained to withhold his consent to the overruling of the motion for rehearing.